UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:02-CR-68-003-R

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

DAVID W. DABNEY, SR.                                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court upon the Government's Objection to Revised Restitution Payment Plan Agreement and Motion to Increase Restitution (Docket #441). Defendant has responded (Docket #444). The Government has filed a sur-reply (Docket #446). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Increase Restitution is GRANTED.

**BACKGROUND**

On September 5, 2002, Defendant David W. Dabney, Sr. pled guilty to one count of participation in a criminal enterprise involved in racketeering, one count of conspiracy to participate in a criminal enterprise involved in racketeering, and one count of tampering with a witness. As part of his plea agreement, Defendant admitted to arson and conspiracy with his co-defendants to defraud American National Insurance Company by causing a loss of $327,234.00 to be filed. The actual loss was $74,392.07. Defendant also admitted to intimidating and threatening a witness in connection with a murder investigation.

Defendant was sentenced to fifty-five months of imprisonment and three years of supervised release, and ordered to pay $74,392.07 without interest in restitution to American National Insurance Company. On April 7, 2006, the Court issued a Writ of Execution to collect inheritance monies to be credited to Defendant's indebtedness. The credit resulted in a

$26,000.00 reduction in Defendant's restitution indebtedness.

Defendant's Restitution Payment Plan Agreement required him to make payments of at least $50.00 per month based on his monthly cash flow of approximately $65.00.  On July 3, 2008, Defendant completed a financial statement demonstrating that he had a monthly income far in excess of that earlier figure.  The United States Probation Office was notified and recommended that Defendant's payment plan be increased from $50.00 to $100.00 a month.  On August 6, 2008, the Court approved the Revised Restitution Payment Plan Agreement requiring Defendant to make payments of at least $100.00 per month.  Should Defendant continue to make monthly payments of $100.00, it will take him approximately 469 months to pay his debt.

The Government objects to the Revised Restitution Payment Plan Agreement because it was reached by the United States Probation Office's unilateral action and without notification to the Government.  The Government now moves to increase Defendant's monthly restitution payment.

## DISCUSSION

### I.   Jurisdiction

Before the Court can consider a motion to adjust a restitution payment schedule, the Attorney General must "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances."  18 U.S.C. § 3664(k); *see also United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000).  "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."  18 U.S.C. § 3664(k).  Defendant challenges jurisdiction in this matter on the basis that (1) the

Government did not certify to the Court that it notified the victim of the alleged change in Defendant's circumstances prior to filing its motion, and (2) the Government did not sufficiently notify the victim of the purported change in Defendant's circumstances.

Defendant's first argument turns on the meaning of the word "certify" in 18 U.S.C. § 3664(k). Defendant argues that the Government merely "stated" to the Court in its brief that, pursuant to 18 U.S.C. § 3664(k), it notified the victim prior to filing its motion; the Government did not "certify" to the Court that it notified the victim prior to filing its motion. Therefore, Defendant argues that the Government has failed to meet the jurisdictional requirements of 18 U.S.C. § 3664(k).

The word "certify" is not defined in the statute. However, the sentence directly following the certification requirement states that upon receipt of the "notification" the Court may adjust the payment schedule. A plain reading of the statute suggests that the Court may adjust the payment schedule once the Attorney General confirms that the victim received notification. *See Parker-Hannifin v. Comm'r of Internal Revenue*, 139 F.3d 1090, 1095 (6th Cir. 1998) (courts "begin with the language of the statute itself, and interpret it according to its plain language absent evidence of a contrary legislative intent"). Significantly, Defendant does not cite to any legislative history or case law indicating that the word "certify" requires anything other than confirmation that the victim received notification. Defendant does not propose an alternative meaning for the word "certify" in this context. For these reasons, the Court finds Defendant's argument to be without merit.

Defendant's second argument fails on similar grounds. Defendant argues that the Attorney General's notification to the victim was insufficient because it stated that Defendant

had experienced a material change in his economic circumstances, but did not specify the nature of Defendant's changed circumstances. The text of § 3664(k) provides that the Attorney General must notify the victim "of the change in circumstances." It does not provide that the Attorney General must specify the extent of Defendant's changed circumstances. Again, Defendant does not cite to any legislative history or case law in support of his argument.

The Government attached with its motion the letter it sent to American National Insurance Company informing it of Defendant's changed circumstances. The letter was dated September 3, 2008. Plaintiff's motion was filed with the Court on October 9, 2008. There is no evidence before the Court that the victim did not receive the Government's notification. For these reasons, the Court finds that the Government sufficiently complied with the certification requirement of 18 U.S.C. § 3664(k) such that the Court has jurisdiction over this matter.

## II.     Adjustment of Payment Schedule

When there is a material change in a defendant's economic circumstances that might affect the defendant's ability to pay restitution, the Court may adjust the payment schedule "as the interests of justice require." 18 U.S.C. § 3664(k). "A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Dye*, 48 F. App'x 218, 220 (8th Cir. 2002) (citing *Grant*, 235 F.3d at 100).

When Defendant was released from prison he had a cash flow of approximately $65.00 a month. Based on that figure, the United States Probation Office recommended, and the Court adopted, a restitution payment plan requiring Defendant to pay at least $50.00 a month in restitution. Defendant's 2007 Tax Return reveals that he had an adjusted gross income of

approximately $51,500.00. Defendant completed a financial statement on July 3, 2008 disclosing a total gross income to date of $23,220.00, plus savings of $1,250.00 and a 401K worth $3,752.58. Defendant works for a car dealership that supplies him with a car and automobile insurance. When the United States Probation Office was informed of this material change in Defendant's circumstances, they recommended, and the Court adopted, a revised restitution payment plan requiring Defendant to pay at least $100.00 a month in restitution.

The Government objects to the revised restitution payment plan and seeks an increase in Defendant's monthly restitution payment. The Government argues that Defendant's financial statement demonstrates that he puts away approximately $780.00 a month in savings and his 401K. Under the current repayment plan, the Government argues that Defendant will be ninety-two years old when he discharges his debt in full. Section 3572(d)(2) provides that the Court shall set restitution payments in "the shortest time in which full payment can reasonably be made." 18 U.S.C. § 3572(d)(2). The Government argues that justice requires, and § 3572(d)(2) supports, an increase in Defendant's monthly payment to at least $780.00 a month.

Defendant responds that there is no statutory or regulatory requirement that the United States Probation Office confer with the Government before completing and submitting to the Court a revised restitution payment plan agreement. Furthermore, Defendant argues that he has always timely notified the Probation Office of any changes in his economic circumstances. Therefore, Defendant argues that he should not be faulted for the Government's failure to timely address the increase issue with the Probation Office prior to the Probation Office moving to revise his restitution payment plan. Regarding the increase amount, Defendant argues that the $780.00 that Defendant puts into his savings and 401K is deducted directly from his paycheck

5

before taxes. Therefore, were his payments to increase, Defendant would not have access to the full $780.00. Finally, Defendant requests a hearing so that the Probation Officer may be heard regarding this matter.

A hearing in this matter is unnecessary. *See United States v. Coates*, 178 F.3d 681, 685 (3d Cir. 1999) ("the fixing of restitution payments is a judicial act"). Having reviewed the record, the Court finds that Defendant's restitution payment plan agreement should be revised. The Court takes into consideration the factors outlined in 18 U.S.C. § 3664(f)(2)(A)-(C) in revising Defendant's plan agreement. Defendant's financial resources as provided in his 2007 Tax Return and July 2008 financial statement show that he earns approximately $51,500.00 a year.[1] Defendant's employer provides him with a car and automobile insurance. Defendant jointly owns a home with his wife and his mortgage is approximately $500 a month. Despite Defendant's self-reported monthly expenses of $2,585.00, he has been able to steadily contribute to his savings and 401K accounts. Based on these considerations, the Court finds that Defendant's restitution payments should be increased to at least $500.00 per month.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Increase Restitution is GRANTED.

An appropriate order shall issue.

---

[1] Defendant asserts that he earns $47,000.00 a year plus the occasional $500.00 monthly bonus. However, Defendant offers no evidence in support of this assertion.