UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:02-CR-00068

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**

**DAVID W. DABNEY, SR.**                                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant David W. Dabney, Sr.'s Motion to Reconsider (Docket #462). The Government has responded (Docket # 467). Defendant has replied (Docket #471). The Government has filed a sur-reply (Docket #472). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Reconsider is DENIED.

**BACKGROUND**

On September 5, 2002, Defendant David W. Dabney, Sr. pled guilty to one count of participation in a criminal enterprise involved in racketeering, one count of conspiracy to participate in a criminal enterprise involved in racketeering, and one count of tampering with a witness. As part of his plea agreement, Defendant admitted to arson and conspiracy with his codefendants to defraud American National Insurance Company by causing a loss of $327,234.00 to be filed. The actual loss was $74,392.07. Defendant also admitted to intimidating and threatening a witness in connection with a murder investigation.

Defendant was sentenced to fifty-five months of imprisonment and three years of supervised release, and ordered to pay $74,392.07 without interest in restitution to American

National Insurance Company. On April 7, 2006, the Court issued a Writ of Execution to collect inheritance monies to be credited to Defendant's indebtedness. The credit resulted in a $26,000.00 reduction in Defendant's restitution indebtedness.

Defendant's Restitution Payment Plan Agreement required him to make payments of at least $50.00 per month based on his monthly cash flow of approximately $65.00. On July 3, 2008, Defendant completed a financial statement demonstrating that he had a monthly income far in excess of that earlier figure. The United States Probation Office was notified and recommended that Defendant's payment plan be increased from $50.00 to $100.00 a month. On August 6, 2008, the Court approved the Revised Restitution Payment Plan Agreement requiring Defendant to make payments of at least $100.00 per month.

The Government objected to the Revised Restitution Payment Plan Agreement because it was reached by the United States Probation Office's unilateral action and without notification to the Government. The Government moved to increase Defendant's monthly restitution payment. On July 28, 2009, the Court issued an order granting the Government's Motion to Increase Restitution, and increasing Defendant's restitution payments to $500.00 per month.

Defendant now moves for the Court to reconsider its July 28, 2009, order. On August 11, 2009, Defendant filed a Motion to Reconsider asserting that challenges to the issue of restitution were moot as he was no longer in custody or under the jurisdiction of this Court. In Defendant's reply, Defendant also argued that his restitution should be decreased because of what the Court interprets as a change in economic circumstances under 18 U.S.C. § 3664(k). The Court discusses both issues in turn.

## DISCUSSION

**I.       Motion to Reconsider Issue as Moot**

Defendant argues that the Government's Motion to Increase Restitution, which was granted, should be reconsidered and denied as moot. Defendant asserts that since he is no longer in custody or under supervised release, any challenges to the balance of his restitution are moot because such an order would expire when Defendant's probation expired. The Court does not find Defendant's argument persuasive. Defendant cites *United States v. Diamond*, 969 F.2d 961, 969 (10th Cir. 1992), and *United States v. Williams*, 81 F.3d 164, 1996 WL 149348 (7th Cir. 1996), to support his argument that restitution payments may not extend beyond the expiration of defendant's probationary term. In *Diamond*, the 10th Circuit relied on 18 U.S.C. § 3663(f)(2)(A) in making that determination. That statutory language has since been repealed. *See, e.g.*, *U.S. v. Rostoff*, 956 F. Supp. 38, n.5 (D. Mass. 1997). In *Williams*, the 7th Circuit found that the restitution order expired along with Williams' probation, since restitution was a condition of probation, and the term of repayment had to comply with 18 U.S.C. § 3663(f). Again, this section was repealed in 1996. Therefore, *Diamond* and *Williams* are inapplicable to the present case.

A defendant's liability to pay restitution extends until 20 years after release from imprisonment or upon the death of the defendant. 18 U.S.C. §§ 3613(b) & (f). In addition, restitution is to be paid in the shortest time in which full payment can reasonably be made. 18 U.S.C. § 3572(d)(2). When a defendant is no longer in custody or under supervised release, his restitution order remains enforceable under the civil remedies of 18 U.S.C. § 3613. Modification of the defendant's payment schedule may be made in accordance with 18 U.S.C. § 3664(k).

The district court may adjust the payment schedule "as the interests of justice require." 18 U.S.C. § 3664(k). The Court's order on July 28, 2009, adjusted the payment schedule of the Defendant by increasing his monthly payments from $100.00 to $500.00 in accordance with 18 U.S.C. § 3664(k). The overall balance of Defendant's restitution payments remains the same and is unchallenged. Despite the fact that Defendant is no longer under supervised release, he is still obligated to make restitution payments.

## II.     Change in Defendant's Economic Circumstances

Defendant argues in the alternative that the Court should reconsider its increase in restitution payments in light of changes in Defendant's economic circumstances. The Court interprets this as a motion under 18 U.S.C. § 3664(k). When there is a material change in a defendant's economic circumstances that may affect the defendant's ability to pay restitution, the Court may adjust the payment schedule "as the interests of justice require." 18 U.S.C. § 3664(k). "A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Dye*, 48 F. App'x 218, 220 (8th Cir. 2002) (citing *United States v. Grant*, 235 F.3d 95, 100 (2nd Cir. 2000)).

The Court does not find that Defendant has experienced a "material change" in economic circumstances. In his motion, Defendant cites several changes: (1) Defendant consented to a 30% wage concession on June 15, 2009, decreasing his monthly income to $1,194.00; (2) Defendant no longer receives the occasional $500.00 monthly bonus; (3) Defendant no long contributes $145.44 per week to his 401K; (4) Defendant recently cancelled his $50.00 per week deduction from his paycheck to his credit union savings account. Defendant filed a paycheck

4

stub which shows that his salary from August 13 to August 19, 2009, totaled $669.23.  At this weekly pay, Defendant earns $2,676.92 per month. Therefore, Defendant will make approximately $32,000 per year.  Defendant's 30% wage concession is set to extend at least six months, at which time it will be reviewed.

Defendant erroneously relies upon the net pay figure of his paycheck in computing his monthly income to $1,194.00.  This amount, $298.50, is the total after taxes and deductions are taken from Defendant's pay.  These deductions include $110.05 to Defendant's 401K and $50.00 to Defendant's credit union savings account.  Defendant asserts that he is no longer making the $50 deductions from his paycheck to his credit union savings account, and his 401K contributions have decreased.  Based on this evidence, the Court finds that Defendant actually earns approximately $1,834.20 per month (after taxes and benefits).  Despite the fact that Defendant also self-reports $2,542.00 in monthly expenses, his own exhibit demonstrates that he is still able to pay $640.20 per month to his savings and 401K accounts.  Moreover, Defendant claims he lives with his girlfriend and pays $500 in rent each month.   There is no evidence to substantiate this claim, and the Court is suspicious of whether these payments are actually being made.  Based on these considerations, the Court declines to lower Defendant's restitution payments.  Defendant shall continue to pay $500 per month in restitution payments.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Reconsider is **DENIED**.